# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUSTIN POWDER COMPANY, | |
| Plaintiff, | NO. 3:08-cv-1428 |
| v. | (JUDGE CAPUTO) |
| KNORR CONTRACTING, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Austin Powder Company's Motion for Judgment on the Pleadings. (Doc. 5.) Plaintiff filed a complaint against Defendant on July 31, 2008, bringing claims for breach of contract and unjust enrichment. (Doc. 1.) A summons was issued as to Defendant on the same day and returned executed on August 21, 2008. (Doc. 3.) After that point, no responsive pleading was filed nor was there any other activity on the case until this Court issued an Order to Plaintiff on December 12, 2008 to show cause why the action should not be dismissed for failure to prosecute. (Doc. 4.) In response, Plaintiff filed the present motion for judgment on the pleadings and supporting brief on December 22, 2008. (Docs. 5, 6.) Defendant filed an answer and counterclaim for breach of contract the following day. (Doc. 8.) It further filed a brief in opposition to Plaintiff's motion on December 29, 2008. (Doc. 9.) Plaintiff did not file a reply brief. This motion is therefore fully briefed and ripe for disposition.

Plaintiff argues that it is entitled to judgment on the pleadings, pursuant to Federal

Rule of Civil Procedure 12(c),[1] because, as of the date its motion was filed, over one hundred thirty-six (136) days had passed since the date Defendant was served and no responsive pleading had yet been filed. However, Plaintiff's argument makes clear that its motion is not appropriately raised as a motion for judgment on the pleadings.

Judgment on the pleadings is only appropriate "after the pleadings are closed." *Fed. R. Civ. P.* 12(c); *Kailan At Poconos, LLC v. Saw Creek Estates Cmty. Ass'n, Inc.*, 275 F. Supp. 2d 578, 592 (M.D. Pa. 2003). The pleadings are closed after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. *Fed. R. Civ. P.* 7(a). Here, the pleadings were not closed at the time this motion was filed because there had as yet been no answer. Moreover, the pleadings are still not closed, though the answer was subsequently filed, because Plaintiff has not responded to Defendant's counterclaim. It would therefore not be appropriate to entertain a motion for judgment on the pleadings at this time.

Plaintiff appears to argue for entry of default judgment, which is governed by Federal Rule of Civil Procedure 55, rather than Rule 12. Indeed, Defendant responds as if it were a motion for default. Default is a sanction of last resort that is disfavored in the Third Circuit. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"). A district court must consider three (3)

---

[1] Plaintiff's brief cites Rule 12(b), but the Court assumes this to be a mistake as subsection (b) addresses responsive pleadings and motions permitted in response to pleadings while subsection (c) addresses motions for judgment on the pleadings.

2

factors before entering default judgment: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A district court must make explicit findings concerning these factors. *Emcasco Ins. Co.*, 834 F.2d at 75. Plaintiff does not address any of the factors; it merely argues that judgment should be entered due to Defendant's lengthy delay in filing an answer.

Because it is not appropriately treated as a motion for judgment on the pleadings and fails to assert a sufficient basis for default judgment, the Court denies Plaintiff's motion.

NOW, this 20th day of March, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff Austin Powder Company's Motion for Judgment on the Pleadings (Doc. 5) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge